IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Murphy, | ) C/A No. 0:11-01723-RBH-PJG |
| Petitioner, | ) |
| vs. | ) |
| Isaac Fulwood, Chairman U.S. Parole Commission; Mary Mitchell, Warden, | ) **REPORT AND RECOMMENDATION** |
| Respondents. | ) |

The Petitioner, Thomas Murphy ("Petitioner"), a self-represented federal prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. As Petitioner is confined in a federal correctional institution located in South Carolina, the case was transferred to this court. This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(DSC). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

On June 4, 2010, Petitioner was sentenced to twenty-four months' imprisonment by the District of Columbia Superior Court for the offense of possession with intent to distribute cocaine. (ECF No. 1 at 2.) At the time of this conviction, Petitioner was on parole for a 1989 conviction in the District of Columbia Superior Court for the offense of burglary, second degree. (ECF No. 10 at 1.) Petitioner indicates that he was sentenced to "3 to 9 years" for the burglary conviction and was released on parole in 1992. (Id. at 1-2.)

In September 2010, Petitioner "was notified of the Placement of a Detainer against [him]" by the United States Parole Commission. (ECF No. 1 at 5.) Petitioner complains that the Parole Commission "has not accorded Petitioner a Dispositional Review of its Detainer as outlined in Its Agency code of Federal Regulation and Statute." (Id.) Further, the "U.S. Parole Commission has instructed [via execution instructions issued on August 30, 2010] that its warrant not be executed until 2-25-2012." (Id.) Thus, Petitioner alleges a violation of his rights under the "due process clause of the U.S. Constitution" and seeks removal of the parole detainer or reinstatement of parole. (Id. at 5, 7.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted

by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Petitioner challenges a detainer lodged against him by the United States Parole Commission for an alleged parole violation, and complains that his due process rights have been violated by the Parole Commission's failure to provide a timely revocation hearing. However, the United States Supreme Court has held that the guarantee of a prompt revocation hearing is inapplicable where an individual is in custody pursuant to a conviction and has a detainer lodged against him for a later revocation hearing. See Moody v. Daggett, 429 U.S. 78, 86-88 (1976). The Court explained that, in this situation, the

subsequent conviction demonstrates probable cause that a condition of parole has been violated and the detainer does not immediately deprive the prisoner of liberty. Id. at 86 n.7. "[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." Id. at 87. Thus, there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." Id. at 89; see also Larson v. McKenzie, 554 F.2d 131, 132-33 (4th Cir. 1977) (extending Moody to situations where one state places a detainer against a prisoner of another state); Gaddy v. Michael, 519 F.2d 669, 674 (4th Cir. 1975) (" '[W]here a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence' ") (quoting Stockton v. Massey, 34 F.2d 96, 97 (4th Cir. 1929)).

      The instant Petition states that the Parole Commission's detainer, for a parole violation warrant which will not be executed until February of 2012, was lodged after Petitioner's incarceration for a conviction on June 4, 2010. Petitioner's 2010 conviction shows probable cause that a condition of his parole has been violated. Further, as Petitioner is lawfully detained pursuant to a criminal conviction, the challenged detainer does not immediately deprive Petitioner of liberty. Thus, Petitioner is not constitutionally entitled to a prompt parole revocation hearing, and he fails to demonstrate a violation of his due process rights. The Petition is, therefore, subject to summary dismissal.

      It is further noted that the some courts, including the Fourth Circuit Court of Appeals and judges within this judicial district, have held that "the right to a [parole revocation] hearing within a specified number of days is a statutory requirement, not a constitutional one. Therefore, the proper remedy for requiring review of [a] detainer by the Parole Commission, in the absence of prejudice or bad faith, is a writ of mandamus and not a writ

of habeas corpus." Roberts v. Myers, C/A No. 4:11-cv-514-RBH, 2011 WL 2149978 at *3 (D.S.C. May 27, 2011); see also Calloway v. District of Columbia Bd. of Parole, No. 04-6283, 2004 WL 1719475 (4th Cir. Aug. 2, 2004); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89 (2d Cir. 1986).

However, even if construed as a petition for a writ of mandamus, Petitioner's case would be subject to summary dismissal. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Further, the party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Mallard v. U.S. Dist. Court, 490 U.S. 296, 309 (1989); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001). Petitioner has no right to a prompt parole revocation hearing. Thus, he cannot demonstrate a clear and indisputable right to the relief sought. As Petitioner presents no extraordinary circumstances to warrant the drastic remedy of a writ of mandamus, the present case would be subject to summary dismissal in any event.

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition be dismissed without prejudice. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

October 6, 2011  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).